**UNITED STATES et al. v. HICKEY & CO.**

**No. 2290.**

District Court, N. D. Texas, Dallas Division.

Feb. 20, 1947.

William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for plaintiffs.

Allen Wight, of Dallas, Tex., for defendant.

ATWELL, District Judge.

This suit was filed on October 21st, 1946. The consummate manner in which it has been ripened for trial, and the completeness in presenting the positions of the parties is entitled to the congratulation of the court, since there can be no mistaking of the vital facts to each side, as put down in the stipulation.

Therefore, the court finds the facts to be as stipulated by the parties.

We have a contract dated May 2, 1942. The government seeks these re-negotiation rights under an Act finally flowered on April 28, 1942, 50 U.S.C.A.Appendix, § 1191.

One of the secretaries named in this legislation is the Secretary of War. This re-negotiation proceedings was conducted under and through that Department.

The stipulation discloses, I find, in addition to the facts already found, that the notice is sufficient under the Act.

During war-times, many of the rights of the citizen are taken from him, for the protection of the greater right which rests upon

him and all of us, to see that sovereignty is preserved.

This particular act, under the scrutiny of the careful constitutional lawyer, does cause a shaking of the head, in several particulars. But, after all, those criticisms are largely such careful consideration as the deep-thinker knows must be observed, in order to preserve our Constitutional system.

■ Learned as the citizenship is generally, we have no trouble in reading this Act, however, into the creation of a roadway which gave Mr. Hickey and his associates the right to go from the War Board, to the Tax Board, within a certain time, if he did not like what the Renegotiation Board had done. That road was open to him. It was an administrative road.

It is too late, now, to say that that may be ignored, by a detour into some other route, even though it is a better route. The administrative measure must be observed and taken before there is a right to enter court. That has been ruled so many times in this and other courts, that it would be wrong to elaborate.

There is also a sparseness of legislative direction to the Administrative Board, but that, too, can be inspected by the Tax Board. And, Mr. Hickey and his associates did not see fit to pursue that remedy. They had a right to ignore it if they wished.

■ I think, therefore, that largely the Constitutional objections to lack of process and things of that sort, melt away under this hospitable treatment. There might be more drastic treatment which would be appropriate in some other days than war days.

■ The question of limitation is slightly more troublesome, because, as has been pointed out, by counsel, the apparent thought of the Department was that it was beginning the re-negotiation, even though it sought to smooth the ruffled feathers of the citizen, by meeting a rather saucy letter with a courteous and diplomatic reply.

The court does not find what he has indicated here, without remembering the largeness of the risk that the citizen took when he bid this contract successfully. Practically a million dollars were ventured. They were ventured in the face of labor storms, and storms from the Heavens, and other directions, perhaps. Storms come now from the most unaccountable and unthought of sources. But, he went through safe and sound, and, the fact that he did make the voyage successfully, however, does not rob it of the hazards that I have indicated, and, of the right to make profits. I do not pass upon that. I don't think that is the court's business at this time. The Board passed on the "reasonableness" of the profits. No appeal was taken from it, and I cannot say that it is not reasonable to require the defendant to repay $80,000.-00, less, of course, such income taxes as the law gives him the right to have credit for. He is the beneficiary of the percentage of the profit indicated in the record, to-wit, 14.67 per cent.

Judgment will go accordingly.